## Parole from State Penitentiary

SCHNADER, Attorney General, March 16, 1932.—You have asked to be advised on two questions which frequently come before your board, sitting as a board of parole for the Eastern State Penitentiary. They are:

1. If during his term in the penitentiary (the sentence having been a minimum and maximum sentence imposed under the Ludlow Act), a prisoner escapes and is sentenced for escape to a minimum and maximum term equal to that originally imposed, is the prisoner eligible for parole before he has completed the maximum sentence for his original offense and the minimum sentence for escape?

2. If a prisoner has been paroled by the Governor upon the recommendation of your board and is convicted of a crime while on parole and returned to the penitentiary, may he be reparoled prior to the expiration of his maximum sentence?

Clearly, the answer to your first question is that a prisoner who escapes and is sentenced for that offense is not eligible for parole until he has served

in full the maximum sentence imposed for his original offense and the minimum sentence imposed for escape.

Your right to parole prisoners is conferred by section nine of the Act of June 19, 1911, P. L. 1055. This section permits your board to grant paroles upon application of prisoners "If it shall appear . . . upon an application by a convict *for release on parole*, that there is a reasonable probability" that the prisoner "will live and remain at liberty without violating the law."

The word "parole" is universally understood to mean release upon condition. If a prisoner is paroled under section nine of the Act of 1911, he must be released. He cannot be paroled and retained in the penitentiary while serving in whole or in part a sentence imposed for another offense. To speak of paroling a prisoner and at the same time retaining him in custody would be contradictory and incongruous.

The only procedure under which a prisoner sentenced for escape can be released before he has served in full the maximum sentence for his original offense and the minimum for his escape is upon application to the State Board of Pardons for clemency. That board can recommend to the Governor the commutation of the maximum sentence for the original offense and the minimum sentence for escape.

To your second question the answer is equally clear. Section ten of the Act of June 19, 1911, P. L. 1055, as amended by the Acts of June 3, 1915, P. L. 788, and June 22, 1931, P. L. 862, provides:

1. That if a parolee shall be convicted of a crime punishable by imprisonment under the laws of Pennsylvania and sentenced to any place of confinement other than a penitentiary, he shall, after the expiration of his term in such other place of detention, be compelled to serve in the penitentiary to which he was originally committed the remainder of the term "without commutation," which he would have been compelled to serve if he had not been paroled;

2. That if for the offense committed while on parole he be sentenced to the penitentiary from which he was released on parole, then the service of the remainder of his original term shall precede the service of the term imposed for the crime committed while on parole; and

3. If no new sentence is imposed, for a crime of which the parolee is convicted "in any court of record, either by plea or trial," he shall be required to serve in the penitentiary from which he was released, or any other institution to which he may be transferred, the remainder of the term, without commutation, which he would have been compelled to serve if he had not been paroled. This provision was inserted in the law for the first time by the amendment of 1931 which became effective on September 1, 1931.

Your board has no discretion in such cases and cannot recommend a reparole to the Governor. Section ten of the act expressly provides in the first and third types of case with which it deals that the sentence shall be served without commutation, and, in our opinion, it was the intention of the legislature that a similar limitation should apply also in the second class of case.

In this connection, we call your attention to two important considerations, as follows:

1. The Governor's right to commute is conferred upon him by the Constitution and cannot be limited by act of the legislature.

Therefore, notwithstanding section ten of the Act of 1911, as amended, the Governor may commute the terms of prisoners confined under that section if the State Board of Pardons recommends such commutation.

2. A person is not "convicted" of a crime within the meaning of the law unless he is sentenced therefor. Therefore, an act which applies only to "convictions" of crime would not include cases in which sentence is suspended. This was the state of section ten of the Act of 1911, prior to the amendment of 1931, which, as already stated, became effective on September 1, 1931. However, the 1931 amendment specifically applies to cases in which no new sentence is imposed for a conviction in a court of record, "by plea or trial," of a crime punishable by imprisonment. The legislature by this expression must have intended to include cases in which sentence was suspended.

Accordingly, prior to September 1, 1931 (when the 1931 amendment became effective), a suspended sentence did not constitute a conviction of crime justifying the return of a parolee to the penitentiary, but if, subsequent to that date, a parolee has pleaded guilty or has been found guilty by a jury, in a court of record, of a crime punishable by imprisonment, he must be returned to the penitentiary even though no sentence was imposed.

We also call your attention to the fact that section ten of the Act of 1911 has no application to a case in which a parolee is returned to the penitentiary for any violation of his parole other than the commission of a crime punishable by imprisonment and conviction therefor in a court of record. Thus, conviction and sentence for crime in a magistrate's court, or violation of the rules of the State Board of Pardons governing the conduct of parolees, may result in the return of a parolee to the penitentiary; but in any such case the prisoner is eligible for reparole.

Accordingly, we advise you:

1. That your board cannot recommend for parole a prisoner who has escaped, until such time as he has served in full the maximum sentence for his original offense and the minimum sentence for escape. However, the State Board of Pardons may recommend to the Governor that either or both of such sentences be commuted, and the Governor may act upon that recommendation.

2. That a parolee returned to the penitentiary because of a new sentence imposed for crime committed while on parole cannot be recommended by your board for reparole; but in this case, also, the Governor, upon the recommendation of the State Board of Pardons, may grant clemency.

3. That prior to September 1, 1931, a plea or verdict of guilty, upon which sentence was suspended, was not a mandatory cause for returning a parolee to the penitentiary, and, if in such case a parolee was returned, he may lawfully be recommended by your board for reparole.

4. That, subsequent to September 1, 1931, a parolee, under the circumstances stated in the preceding paragraph, must be returned to the penitentiary and cannot be recommended by your board for reparole, unless and until the Governor has granted a commutation upon the recommendation of the State Board of Pardons.

5. That in any other case in which a parolee is returned to the penitentiary—as, for example, because he has violated the rules of the State Board of Pardons governing the conduct of parolees—he may be recommended by your board for reparole; but in such case the recommendation for reparole should be specifically called to the attention of the State Board of Pardons which was responsible for the return of the parolee to confinement.

6. That in every case the Governor, acting on the recommendation of the State Board of Pardons, may commute a sentence even though the effect be to reparole a prisoner convicted of a criminal offense while on parole.

From C. P. Addams, Harrisburg, Pa.